**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
_____(State)

Case number (*If known*): _____ Chapter ____ **7**

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Foxtrot Retail DC, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 84 – 2583091 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 167 N. Green Street | |
| Number   Street | Number     Street |
| | P.O. Box |
| Chicago     IL   60607 | |
| City       State   ZIP Code | City       State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| U.S.A. | |
| County | Number     Street |
| | |
| | City       State   ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | N/A |

Debtor    Foxtrot Retail DC, LLC
_____
Name                                                          Case number *(if known)*_____

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>   <u>4</u>   <u>5</u>   <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Foxtrot Retail DC, LLC
_____
          Name                                              Case number (if known) _____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.    District _____    When _____    Case number _____
                                                MM / DD / YYYY
             District _____    When _____    Case number _____
                                                MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.    Debtor    See Schedule 1 _____    Relationship _____
              District _____    When _____
                                                         MM / DD / YYYY
              Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☐ No
    ☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☒ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** See Schedule 2 _____
                              Number          Street

                              _____
                              City                              State ZIP Code

    **Is the property insured?**

    ☒ No
    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

**Statistical and administrative information**

---

Debtor    **Foxtrot Retail DC, LLC**
Name

Case number (if known)_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☒ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/14/2024
            MM  / DD / YYYY

✗ /s/ Caroline Barry
Signature of authorized representative of debtor

Caroline Barry
Printed name

Title  Secretary, Treasurer, and Designated Representative

---

Debtor    Foxtrot Retail DC, LLC
_____
Name

Case number *(if known)*_____

**18. Signature of attorney**

✖ /s/ Dennis A. Meloro
_____
Signature of attorney for debtor

Date   05/14/2024
_____
MM   / DD / YYYY

Dennis A. Meloro
_____
Printed name

Greenberg Traurig, LLP
_____
Firm name

222 Delaware Avenue, Suite 1600
_____
Number        Street

Wilmington
_____
City

DE
_____
State

19801
_____
ZIP Code

(302) 661-7000
_____
Contact phone

melorod@gtlaw.com
_____
Email address

4435
_____
Bar number

DE
_____
State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DOMS MARKET LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  84-1747198 |
| In re: | Chapter 7 |
| DOMS MARKET HOLDCO INC. | Case No. 24-_____ (__) |
| Debtor. | EIN:  84-4499666 |
| In re: | Chapter 7 |
| FOXTROT HOLDINGS TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3831903 |
| In re: | Chapter 7 |
| FOXTROT INTERMEDIATE TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3803695 |
| In re: | Chapter 7 |
| FOXTROT RETAIL INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-1628447 |
| In re: | Chapter 7 |
| FOXTROT RETAIL DC, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  84-2583091 |

| | |
|---|---|
| In re: | Chapter 7 |
| FOXTROT RETAIL FLORIDA, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  88-3527444 |
| In re: | Chapter 7 |
| FOXTROT RETAIL TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3777582 |
| In re: | Chapter 7 |
| FOXTROT VENTURES, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  46-2928250 |
| In re: | Chapter 7 |
| OUTFOX HOSPITALITY LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  93-4442547 |
| In re : | Chapter 7 |
| OUTFOX HOSPITALITY MIDCO LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  N/A |

## <u>Schedule 1</u>

**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the entities listed below filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 7 of title 11 of the United States Code.

| |
|---|
| Doms Market LLC |
| Doms Market Holdco Inc. |
| Foxtrot Holdings Texas, Incorporated |
| Foxtrot Intermediate Texas, Incorporated |
| Foxtrot Retail Incorporated |

| |
|---|
| Foxtrot Retail DC, LLC |
| Foxtrot Retail Florida, LLC |
| Foxtrot Retail Texas, Incorporated |
| Foxtrot Ventures, Incorporated |
| Outfox Hospitality LLC |
| Outfox Hospitality Midco LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DOMS MARKET LLC | Case No. 24-_____ (___) |
| Debtor. | EIN:  84-1747198 |
| In re: | Chapter 7 |
| DOMS MARKET HOLDCO INC. | Case No. 24-_____ (___) |
| Debtor. | EIN:  84-4499666 |
| In re: | Chapter 7 |
| FOXTROT HOLDINGS TEXAS, INCORPORATED | Case No. 24-_____ (___) |
| Debtor. | EIN:  83-3831903 |
| In re: | Chapter 7 |
| FOXTROT INTERMEDIATE TEXAS, INCORPORATED | Case No. 24-_____ (___) |
| Debtor. | EIN:  83-3803695 |
| In re: | Chapter 7 |
| FOXTROT RETAIL INCORPORATED | Case No. 24-_____ (___) |
| Debtor. | EIN:  83-1628447 |
| In re: | Chapter 7 |
| FOXTROT RETAIL DC, LLC | Case No. 24-_____ (___) |
| Debtor. | EIN:  84-2583091 |

| | |
|---|---|
| In re: | Chapter 7 |
| FOXTROT RETAIL FLORIDA, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  88-3527444 |
| In re: | Chapter 7 |
| FOXTROT RETAIL TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3777582 |
| In re: | Chapter 7 |
| FOXTROT VENTURES, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  46-2928250 |
| In re: | Chapter 7 |
| OUTFOX HOSPITALITY LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  93-4442547 |
| In re : | Chapter 7 |
| OUTFOX HOSPITALITY MIDCO LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  N/A |

## Schedule 2

### Location of Property in Need of Immediate Attention

Perishable goods owned by certain of the above-captioned debtors may be located in the following leased locations:

| Description | Address |
|---|---|
| Foxtrot | 2136 S. Peoria St., Chicago, IL 60608 |
| | 2801 N. Broadway St., Chicago, IL 60614 |
| | 171 N. Green St., Chicago, IL 60607 |
| | 23 West Maple St., Chicago, IL 60610 |
| | 401 N. Wells St., Chicago, IL 60654 |
| | 902 W. Armitage Ave., Chicago, IL 60614 |
| | 1576 N. Milwaukee Ave., Chicago, IL 60622 |
| | 1562 N. Wells St., Chicago, IL 60610 |
| | 114 W. Chicago Ave., Chicago, IL 60610 |
| | 3334 N. Southport Ave., Chicago, IL 60657 |
| | 545 McClurg Ct., Chicago, IL 60611 |
| | 435 N. Michigan Ave., Chicago, IL 60611 |
| | 1019 W. Lake St., Chicago, IL 60607 |
| | 1714 W. Division St., Chicago, IL 60611 |
| | 233 S. Wacker Dr., Chicago, IL 60606 |
| | 3649 N. Clark St., Chicago, IL 60613 |
| | 1827 Adams Mill Rd., N.W., Washington, D.C. 20009 |
| | 1601 Connecticut Ave., N.W., Washington, D.C. 20036 |
| | 888 17th St. N.W., Washington, D.C. 20006 |
| | 1267 Wisconsin Ave., N.W., Washington, D.C. 20007 |
| | 1341 14th St. NW, Washington, D.C. 20005 |
| | 660 Massachusetts Ave., N.W., Washington, D.C. 20001 |
| | 1275 New Jersey Ave., S.E., Washington, D.C. 20003 |
| | 7250 Woodmont Ave., Bethesda, MD 20814 |
| | 4800 Burnet Rd., Ste. 600, Austin, TX 78756 |
| | 301 W. 2nd St., Ste. 100, Austin, TX 78701 |
| | 3606 Greenville Ave., Ste. A, Dallas, TX 75202 |
| | 3130 Knox St., Dallas, TX 75205 |
| | 1802 S. 1st St., Austin, TX 78704 |
| | 2270 Guadalupe St., Austin, TX 78705 |
| | 6565 Hillcrest Ave., Dallas, TX 75205 |
| | 2822 McKinney Ave., Dallas, TX 75204 |
| | 4121 Wilson Blvd., Arlington, VA 22203 |
| | 701 King Street, Alexandria, VA 22314 |
| | 1771 N. Pierce St., Arlington, VA 22209 |
| Dom's Market | 801 W. Diversey Pkwy, Chicago, IL 60614 |
| | 1225 N. Wells St., Chicago, IL 60610 |

## SECRETARY'S CERTIFICATE

_____

**April 23, 2024**

I, Caroline Barry, do hereby certify that I am the secretary, treasurer and designated representative of Outfox Hospitality LLC, a Delaware limited liability company, and the designated representative of each of its direct and indirect subsidiaries (listed on <u>Exhibit A</u> attached hereto) (each, a "**Company**" and collectively, the "**Companies**"), and that, as such, I am authorized to execute and deliver this certificate and hereby further certify that:

1.     Effective as of the date first set forth above, the board of managers (the "***Board***") of Outfox Hospitality LLC held a meeting pursuant to notice duly given to all members of the Board.

2.     At such Board meeting, the Board approved and authorized, among other items, Outfox Hospitality LLC and each other Company to file, or cause to be filed, a voluntary petition and applicable schedules and statements for relief under the provisions of chapter 7 of Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware and any other petition for relief or reorganization or other order that may be desirable under applicable law in the United States.

3.     At such Board meeting, the Board further authorized, directed, and empowered Caroline Barry as the designed representative of Outfox Hospitality LLC and each Company to effect the foregoing.

\*      \*      \*

**IN WITNESS WHEREOF**, I have hereunto signed my name as of the date first set forth above.

**COMPANY**:

OUTFOX HOSPITALITY LLC

By:    */s/ Caroline Barry*
Name:  Caroline Barry
Title:    Secretary, Treasurer and Designated Representative

**EXHIBIT A**

- Outfox Hospitality MidCo LLC, a Delaware limited liability company

- Doms Market HoldCo Inc., a Delaware corporation

- Doms Market LLC, a Delaware limited liability company

- Foxtrot Ventures, Incorporated, a Delaware corporation

- Foxtrot Retail Incorporated, an Illinois corporation

- Foxtrot Holdings Texas, Incorporated, a Texas corporation

- Foxtrot Intermediate Texas, Incorporated, a Texas corporation

- Foxtrot Retail Texas, Incorporated, a Texas corporation

- Foxtrot Retail DC, LLC, a Washington D.C. limited liability company

- Foxtrot Retail Florida, LLC, a Delaware limited liability company

## MINUTES OF THE MEETING

## OF THE BOARD OF MANAGERS

April 23, 2024

1:30 p.m. CST

A meeting of the board of managers (the "**Board**") of Outfox Hospitality LLC, a Delaware limited liability company, was held at the above time via videoconference pursuant to notice duly given to all members of the Board.

All members of the Board were present at the meeting.  Also present at the meeting by invitation of the Board was Caroline Barry, the treasurer of the company, Rob Twyman, the chief executive officer of the company, and representatives of Greenberg Traurig, LLP, as counsel, and Arete Capital Partners, as financial advisors. All meeting participants could speak to and hear one another.  No managers raised any objections to the occurrence of the meeting or any failure to deliver notice to call the meeting. The chair of the Board called the meeting to order and asked that Caroline Barry act as secretary of the meeting.

The Board reviewed and considered, among other things, the financial condition of the company and each of its direct and indirect subsidiaries (listed on Exhibit A attached hereto) (each, a "**Company**" and collectively, the "**Companies**"), and reviewed and considered the recommendations of each Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "**Bankruptcy Code**").

Upon motion duly called, the Board adopted the following resolutions set forth below:

**RESOLVED**, that in the respective business judgment of the Board (including, for the avoidance of doubt, the board of managers of Doms Market HoldCo Inc.), it is desirable and in the best interest of each Company (including a consideration of its respective creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition and applicable schedules and statements (each a "**Petition**" and collectively, the "**Petitions**") for relief under the provisions of chapter 7 of Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and any other petition for relief or reorganization or other order that may be desirable under applicable law in the United States.

**FURTHER RESOLVED**, that Caroline Barry is appointed as the secretary of each Company, and, by and through Caroline Barry (the "**Designated Representative**"), each Company is hereby authorized, directed, and empowered (i) to execute and verify the Petitions and all documents ancillary thereto, and to cause each Petition to be filed with the Bankruptcy Court, such Petition to be filed at such time as the Designated Representative executing such Petition shall determine and to be in the form approved by the Designated Representative executing such Petition, with the execution thereof by the Designated Representative being conclusive evidence of the approval thereof by the Designated Representative; (ii) to make or cause to be made prior to the execution thereof any modifications to each Petition or such ancillary documents that, in the judgment of such Designated Representative, may be necessary, appropriate, or desirable in connection with each of the Company's bankruptcy case, and (iii) to review the complete list of creditors of each Company (the "**Creditor Matrix**") and to cause the Creditor Matrix to be filed with the Bankruptcy Court and to execute and file a declaration in support of such Creditor Matrix, which shall be filed at such time as the Designated Representative shall determine and to be in the form approved by the Designated Representative executing such Creditor Matrix, with the execution thereof by the Designated Representative being conclusive evidence of the approval thereof by the Designated Representative.

**FURTHER RESOLVED**, that subject to and contingent upon the filing of each Petition, pursuant to the organizational documents of each Company and applicable state laws, each officer of such Company will be, and hereby is, effective immediately following the filing, if any, of a Petition by Company, terminated and removed as an officer such Company.

**FURTHER RESOLVED**, that the Designated Representative is hereby authorized, directed, and empowered from time to time, until the termination of such Designated Representative as set forth herein, to take such actions and execute and deliver such documents as may be required or as the Designated Representative may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any petitions, schedules, lists, applications, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Designated Representative taking or executing the same shall approve, the taking or execution thereof by such Designated Representative being conclusive evidence of the approval thereof by the Designated Representative.

**FURTHER RESOLVED**, that all acts and deeds previously performed by the Designated Representative prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, adopted and approved in all respects as the authorized acts and deeds of each Company; and

**FURTHER RESOLVED**, that each Company is authorized, empowered and directed to employ the law firm of Greenberg Traurig, LLP, as general bankruptcy counsel to represent and assist each Company in preparing and filing the Petition and related forms, schedules, lists, statements and other papers or documents.

There being no further business, the meeting was adjourned.

*/s/ Caroline Barry*
Caroline Barry,
Secretary

**EXHIBIT A**

- Outfox Hospitality MidCo LLC, a Delaware limited liability company

- Doms Market HoldCo Inc., a Delaware corporation

- Doms Market LLC, a Delaware limited liability company

- Foxtrot Ventures, Incorporated, a Delaware corporation

- Foxtrot Retail Incorporated, an Illinois corporation

- Foxtrot Holdings Texas, Incorporated, a Texas corporation

- Foxtrot Intermediate Texas, Incorporated, a Texas corporation

- Foxtrot Retail Texas, Incorporated, a Texas corporation

- Foxtrot Retail DC, LLC, a Washington D.C. limited liability company

- Foxtrot Retail Florida, LLC, a Florida limited liability company

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DOMS MARKET LLC | Case No. 24-_____ (__) |
| Debtor. | EIN: 84-1747198 |
| In re: | Chapter 7 |
| DOMS MARKET HOLDCO INC. | Case No. 24-_____ (__) |
| Debtor. | EIN: 84-4499666 |
| In re: | Chapter 7 |
| FOXTROT HOLDINGS TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN: 83-3831903 |
| In re: | Chapter 7 |
| FOXTROT INTERMEDIATE TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN: 83-3803695 |
| In re: | Chapter 7 |
| FOXTROT RETAIL INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN: 83-1628447 |
| In re: | Chapter 7 |
| FOXTROT RETAIL DC, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN: 84-2583091 |

| | |
|---|---|
| In re: | Chapter 7 |
| FOXTROT RETAIL FLORIDA, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  88-3527444 |
| In re: | Chapter 7 |
| FOXTROT RETAIL TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3777582 |
| In re: | Chapter 7 |
| FOXTROT VENTURES, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  46-2928250 |
| In re: | Chapter 7 |
| OUTFOX HOSPITALITY LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  93-4442547 |
| In re : | Chapter 7 |
| OUTFOX HOSPITALITY MIDCO LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  N/A |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations (as the term is defined in 11 U.S.C. § 101(9)), other than a governmental unit, that directly or indirectly own 10% or more of any class of any of the above-listed debtors (collectively, the "Debtors") of these chapter 11 cases.

2

1.      The following entities own 10% or more of any class of membership interests of Debtor **Outfox Hospitality LLC**:

| |
|---|
| DKM HoldCo LLC |
| FT Holdings, LLC |
| D1 Master Holdco 1 LLC |
| Doms Market CA LLC |

2.      Debtor **Outfox Hospitality LLC** owns 100% of the membership interest of Debtor **Outfox Hospitality Midco LLC**

3.      Debtor **Outfox Hospitality Midco LLC** owns 100% of the stock of each of Debtor **Doms Market Holdco Inc.** and Debtor **Foxtrot Ventures, Incorporated**.

4.      Debtor **Doms Market Holdco Inc.** owns 100% of the stock of Debtor **Doms Market LLC**.

5.      Debtor **Foxtrot Ventures, Incorporated** owns 100% of the stock, membership, or other equity interests in each of the following Debtors:

| |
|---|
| Foxtrot Retail Incorporated |
| Foxtrot Holdings Texas, Incorporated |
| Foxtrot Retail DC, LLC |
| Foxtrot Retail Florida, LLC |

6.      Debtor **Foxtrot Holdings Texas, Incorporated** owns 100% of the stock in Debtor **Foxtrot Intermediate Texas, Incorporated**.

7.      Debtor **Foxtrot Intermediate Texas, Incorporated** owns 100% of the stock in Debtor **Foxtrot Retail Texas, Incorporated**.

**Fill in this information to identify the case and this filing:**

Debtor Name __Foxtrot Retail DC, LLC__

United States Bankruptcy Court for the: _____ District of __DE__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Holders; Creditor Matrix__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/14/2024__       ✖ /s/ Caroline Barry
              MM / DD / YYYY          Signature of individual signing on behalf of debtor

                        Caroline Barry
                        Printed name

                        Secretary, Treasurer, and Designated Representative
                        Position or relationship to debtor

B2030 (Form 2030) (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| DOMS MARKET LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  84-1747198 |
| In re: | Chapter 7 |
| DOMS MARKET HOLDCO INC. | Case No. 24-_____ (__) |
| Debtor. | EIN:  84-4499666 |
| In re: | Chapter 7 |
| FOXTROT HOLDINGS TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3831903 |
| In re: | Chapter 7 |
| FOXTROT INTERMEDIATE TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| | EIN:  83-3803695 |
| Debtor. | |
| In re: | Chapter 7 |
| FOXTROT RETAIL INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-1628447 |
| In re: | Chapter 7 |
| FOXTROT RETAIL DC, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  84-2583091 |

B2030 (Form 2030) (12/15)

| | |
|---|---|
| In re: | Chapter 7 |
| FOXTROT RETAIL FLORIDA, LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  88-3527444 |
| In re: | Chapter 7 |
| FOXTROT RETAIL TEXAS, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  83-3777582 |
| In re: | Chapter 7 |
| FOXTROT VENTURES, INCORPORATED | Case No. 24-_____ (__) |
| Debtor. | EIN:  46-2928250 |
| In re: | Chapter 7 |
| OUTFOX HOSPITALITY LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  93-4442547 |
| In re : | Chapter 7 |
| OUTFOX HOSPITALITY MIDCO LLC | Case No. 24-_____ (__) |
| Debtor. | EIN:  N/A |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept .......................................... $425,000.00 _____

Prior to the filing of this statement I have received ...................... $425,000.00 _____

B2030 (Form 2030) (12/15)

Balance Due ................................................................................ $ 0.00

2.    The source of the compensation paid to me was:

☒    Debtor            ☐    Other (specify)

3.    The source of compensation paid to me is:

☒    Debtor            ☐    Other (specify)

4.    ☒    I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐    I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service as follows:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition for bankruptcy;
b.  Preparation and filing of any petition, schedules, and statements of affairs; and
c.  Representation of the debtor at the meeting of creditors and any adjourned hearings thereof.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

a.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

05/14/2024                     /s/ Dennis A. Meloro
*Date*                          *Signature of Attorney*

Greenberg Traurig, LLP
*Name of law firm*